Our sixth argument of the morning is in Appeal Number 242841, Dahls Kill v. MengEryt. Good morning, Your Honors. May it please the Court, I am Trevor Barrett, and I represent the plaintiff, appellant, Dahls Kill, Inc., in this matter. This appeal concerns a rather, I'd say, simple inquiry, which is, did the District Court abuse its discretion in awarding a default judgment of $1,000 in statutory damages as to Defendant MengEryt, a defaulting foreign Amazon marketplace seller, that the District Court found to be a willful infringer of Dahls Kill's copyrights, and this award being granted despite Dahls Kill's prior election to recover disgorgeable profits and not statutory damages? Also, why didn't you put in a sworn declaration or an affidavit with the Amazon documents to back up your theory of damages? Because I saw an unsworn declaration. I didn't see anything from Amazon confirming the figure cited in that unsworn declaration. So what was the judge supposed to base a profit award on? Your Honor, we did submit a declaration from counsel attesting to raw data that was provided in business records. But it was unsworn, correct? I believe it should have been sworn, and if the language was insufficient, then plaintiff would obviously request opportunity to cure that defect. However, given the lacking analysis that was provided by the District Court, we just didn't know why there was a rejection of the sought disgorgeable profits as opposed to statutory damages. There was just a cursory six-line explanation in which Judge Seeger found, indeed, that... Does the judge have the authority, if you request disgorgeable profits but you haven't proven them, does the judge have the authority to instead award statutory damages, or do you have to ask for that? No, Your Honor. In fact, as provided in the briefing, once an election is made prior to the final judgment being rendered, then essentially the plaintiff stuck with that decision. So if you hadn't picked up on what Judge Maldonado asked you, if you did not submit a proper declaration supporting your damages, the court could have given you zero damages. That's correct, Your Honor. Yes. What I don't understand about that is why, in your brief, do you argue in the alternative at the end of your brief? You argue, in other words, that if actual damages are not available, then there should have been, you know, an award of higher damages to account for the willful infringement. Well, Your Honor, I simply stated that's to cover all bases. It was an even-if argument, arduendo, but we believe that the law is clear and the statute is clear that once an election is made, that's the form of damages that the plaintiff is entitled to seek. And to the extent that there was lacking evidence to prove up those particular damages, then dull's kill would certainly seek to provide or to submit an amended motion for default judgment. And my understanding of the law in that area is that such amendments are liberally granted, obviously, because the defaulting defendant. So hold on. I want to make sure of this. You say in a couple of different places in your brief, after you make your primary argument, your primary argument is clear to me, okay? You say that if statutory damages, statutory, not actual, if statutory damages were properly awardable on the default here, the district court should have awarded heightened. But you're saying the district court had no legal authority to award statutory damages because the plaintiff opted for actual. So what's the point of the alternative argument? Again, Your Honor, it was just an even-if argument. I understand the way it's formally presented, but you're asking in the alternative for something that's not even lawfully available. That's your understanding of copyright law, that once a plaintiff makes a choice at that fork in the road, actual or statutory, you're stuck with actual. That's correct, Your Honor. The cases that were cited, there's nothing explicitly on point stating that once discordable profits are elected, that statutory damages could not somehow be in the realm of what the court could award. The reverse, there are cases stating the reverse, that once statutory damages are elected that everything concerning discordable profits are essentially mooted. So just to be careful and cognizant of that fact in case there was movement within the law. So is that another way of saying in response to the earlier colloquy, if the district court determined that you failed to make a sufficient evidentiary showing of the actual damages because declaration wasn't sworn, you didn't submit anything that was authenticated from Amazon, anything at all that way, then the district court has no legal authority to award statutory damages. The actual damages would be zero on a failure of proof. Essentially, yes, Your Honor, but again, Dahl's Kill would request an opportunity to amend to cure any defects in the actual underlying evidence supporting discordable profits. And I would just further like to direct this court to the recent decision from this court, the Dyson Technology Limited v. David Sevenstore et al. case that just was decided a few months ago, case number 23-2948, and it's very, very highly analogous to this case. And in that case, this court found that the very same district court that awarded $1,000 in statutory damages to Dahl's Kill in this case abused its discretion by awarding $1,000 in statutory damages to the plaintiff in Dyson Technology in the face of Dyson Technology's prior election to recover profits. And although Dyson Technology is based on the Lanham Act and this is based on the Copyright Act, the damages provisions of both 15 U.S.C. section 1117 and 17 U.S.C. section 504 are for all intents and purposes the same. And they stand for two essential provisions, two essential propositions, the first being the right of election of which form of damages to recover belongs to the claimant and not the court, and the second being that to establish recoverable, discordable profits, a claimant need only present proof of the infringer's total revenues, and that's it. The burden to reduce from that figure lies with the infringer, and this court said on that point that it must be presumed that the infringing defendant's sales, that is revenue, and profits are the same thing until the defendant proves otherwise. And also the court noted that the district court provided a lackluster set of findings and analysis to support the fact that total revenues should not be awarded as a measure of discordable profits. If you had any contact with the defendant in this case, I know you settled with the other defendant. Other than providing notice, no, Your Honor, there has been no contact. No attempt to settle with this defendant? From the onset of this case, we never received a response back from the many attempts at noticing all of the proceedings. Okay. Anything further, Mr. Merritt? Nothing further. Thank you very much. Okay. You're quite welcome. Thanks to you. We'll take your appeal under advisement.